IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City, Kansas, Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| | } |
| Plaintiff, | } |
| | } |
| | } Case No. 12-~~200~~ 2012̲3̲ ̲ ̲-01-05- CM-JPO |
| vs. | } |
| | } |
| MUNIR AHMAD CHAUDARY, | } |
| RHONDA R. BRIDGE, | } |
| RHONDA & SON'S INC., | } |
| MAC & SONS LLC, and | } |
| SYED NAQVY, | } |
| | } |
| Defendants. | } |

## SEALED INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

1. Defendants Munir Ahman Chaudary and Rhonda R. Bridge, husband and wife,
own and operate a Clarion Hotel (Clarion) at 7000 W. 108th St., Overland Park, Kansas, and
a Clarion Hotel (Radisson) at 11828 NW Plaza Circle, Kansas City, Missouri.

2. Title in the Overland Park, Kan., Clarion is held by Rhonda & Son's Inc., a Kansas
close corporation of which defendant Chaudary is president and a director and defendant
Bridge is secretary and a director. Ownership of the Overland Park, Kan., Clarion property
was transferred to Rhonda & Son's Inc. on about May 30, 2008.

3. Title in the Kansas City, Mo., Clarion is held by Mac & Sons LLC, a Missouri
company owned by defendant Chaudary. Ownership of the Kansas City, Mo., Clarion

property was transferred to Mac & Sons LLC on about April 13, 2006.

4. Defendants Chaudary and Bridge reside at the Overland Park, Kan., Clarion in two rooms on the 2nd floor of the hotel above the reception area.

5. In about December 2011, investigators from the U.S. Department of Homeland Security (DHS) and the Kansas Department of Revenue (KDOR) received information that the owners of the two Clarion hotels (which also have been operated during the times relevant to this Indictment as Wyndham Garden Hotel [Overland Park] and Radisson Hotel) employed several foreign nationals who were not lawfully present in the United States, nor were they authorized to be employed in the United States.

6. The investigators subsequently interviewed several employees of the hotels and confirmed that about half the employees were (1) paid in cash or non-payroll check, usually by defendant Chaudary but sometimes by defendant Bridge; (2) not lawfully present in the U.S.; and (3) were not authorized to be employed in the U.S..

7. In about June 2012, an undercover agent sought and obtained employment at the Overland Park, Kan., Clarion, where the agent worked primarily in housekeeping. The agent made it clear to defendants Chaudary and Bridge when he was hired that he was unlawfully present in the United States, was not authorized to work in the United States, and had no documents to use for employment.

8. While working undercover, the agent obtained, among other things, information about the identities and immigration status of employees working at both hotels. The agent also identified a Pakistani national, defendant Naqvy, who lived in a room provided by

2

defendants Chaudary and Bridge as partial compensation for his employment at the Clarion. Defendant Naqvy was found to be a person unlawfully present in the United States subject to an order and unexecuted warrant of removal/deportation.

9. The undercover agent obtained evidence that defendants Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC paid employees whom they believed were lawfully present in the United States in general compliance with federal and state withholding and reporting requirements, while employees they believed were not lawfully present were paid a lower hourly rate in which withholding and reporting requirements were avoided.

10. When the undercover agent inquired of defendant Chaudary about differences in the hotel employees' rates of pay, Chaudary told him that nothing was being withheld from wages to employees who were illegal, like the agent, so they were paid less, whereas monies were withheld from wages to "legal" employees.

11. A review of bank accounts maintained in Kansas by defendants Chaudary and Bridge for their hotels showed that wages paid to employees of both hotels starting in 2008 were paid out of those accounts.

## COUNT 1

### 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(I)

### (Conspiracy to Encourage Aliens to Reside in the United States for Commercial Advantage and Private Financial Gain Knowing or in Reckless Disregard of their Unlawful Status)

12. Paragraphs 1-11 are incorporated by reference.

3

13.  Between about June 2008 and about August 2012, within the District of Kansas and elsewhere, defendants

**MUNIR AHMAD CHAUDARY,**
**RHONDA R. BRIDGE,**
**RHONDA & SON'S INC.,**
and
**MAC & SONS LLC**,

and others both known and unknown to the grand jury, engaged in a conspiracy, for the purpose of commercial advantage and private financial gain, to induce and encourage aliens to reside in the United States, knowing and in reckless disregard of the fact that such residence is in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and (v)(I).

**PURPOSE AND OBJECT OF THE CONSPIRACY**

14.  The purpose and object of the conspiracy, and its manner and means, included as follows:

a.  The purpose and object of the conspiracy was to make money and create wealth for defendants Chaudary and Bridge.

b.  By entering into an agreement to employ persons not lawfully present in the U.S., defendants Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC, lowered their operating costs because the wages they paid to those workers was lower, they did not have to pay the employer's share of Social Security payments, they did not have to pay for workers compensation or unemployment insurance or other benefits paid to lawfully employed workers in the hotel industry, all of which resulted in a potential to increase their

profits and an increase in their profits.

c.  By entering into an agreement to employ persons not lawfully present in the U.S., resulting in a potential to lower operating costs and lower operating costs, defendants Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC placed themselves at a competitive advantage to their competitors who did not employee persons unlawfully present, allowing the defendants to charge lower room rates and to operate at higher occupancy rates, the result also being an increase in profits.

d.  By entering into an agreement to be employed, though not lawfully present in the United States, those co-conspirators so employed obtained money so they could maintain their unlawful presence and live in the United States, and they increased, over time, the likelihood they could obtain the lawful permanent resident status they desired.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

15.  In furtherance of the conspiracy, and to effect the objects thereof, one or more of the co-conspirators committed and caused to be committed at least one of the following acts, among others, within the District of Kansas and elsewhere:

a.  Starting in about 2008, and continuing to about September 2012, aliens not lawfully present in the United States nor authorized to work in the United States were employed to work at the hotels even though one or more of the co-conspirators knew or recklessly disregarded the fact the aliens were unlawfully in the U.S..

b.  Starting in about 2008, and continuing to about September 2012, aliens not lawfully present in the United States nor authorized to work in the United States were paid

in cash or by non-payroll checks.

c.  Starting in about 2008, and continuing to about September 2012, co-conspirators paid aliens by payroll check knowing and in reckless disregard of the fact that those aliens had provided false documents to defendants Chaudary and Bridge to make it appear that the aliens were lawfully present and authorized to be employed.

d.  In about September 2011, defendant Chaudary told one of the employees to tell him which of the Overland Park, Kan., Clarion Hotel housekeepers were illegally in the United States; the employee told defendant Chaudary all of the housekeepers were illegally in the United States.

e.  In about June 2012, defendants Chaudary and Bridge hired a person who represented himself to be unlawfully present, having no authority to work nor any documents that would make it appear he was authorized to work.

f.  Beginning in about 2008, co-conspirators Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC maintained bank accounts they used to make payments to employees they knew and recklessly disregarded were unlawfully present in the United States.

g.  In 2011, defendant Chaudary picked up defendant Naqvy at Kansas City International Airport, Kansas City, Mo., knowing Naqvy was unlawfully present in the United States.  Chaudary provided a room to Naqvy at the Overland Park, Kan., Clarion and paid him $1,000 per month in exchange for Naqvy's work as a front desk clerk.

h.  In 2011 and 2012, co-conspirators Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC filed, via the Internet, false and fraudulent Quarterly Wage Reports and

Unemployment Tax Returns with the Kansas Department of Labor in which they underreported the number of employees working at the Overland Park, Kan., hotel, the amount of total wages paid, and the amount of unemployment taxes due.

i. In 2011 and 2012, co-conspirators Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC filed, via the Internet, false and fraudulent Quarterly Contribution and Wage Report with the Missouri Division of Employment Security in which they knowingly provided false and fraudulent information related to individual employees.

## COUNTS 2-5

### 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II)

### (Encouraging or Inducing Aliens to Reside in the United States for Commercial Advantage and Private Financial Gain Knowing or in Reckless Disregard of their Unlawful Status)

16. Paragraphs 1-15 are incorporated by reference.

17. In about June 2012, within the District of Kansas and elsewhere, defendants

**MUNIR AHMAD CHAUDARY,**
**RHONDA R. BRIDGE,**
**RHONDA & SON'S INC.,**
and
**MAC & SONS LLC,**

intentionally encouraged an alien, for the purpose of commercial advantage and private financial gain, to reside in the United States, knowing and in reckless disregard of the fact that such residence is in violation of law, as follows:

| COUNT 2 | Alien's initials:  MB |
| --- | --- |

7

| COUNT 3 | Alien's initials:  JV |
|---------|----------------------|
| COUNT 4 | Alien's initials:  JH |
| COUNT 5 | Alien's initials:  RA |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II).

## COUNT 6

## 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(II)

### (Harboring an Alien
### Who is Unlawfully in the United States
### For Commercial Advantage or Private Financial Gain)

18. Paragraphs 1-17 are incorporated by reference.

19. In about June 2012, within the District of Kansas and elsewhere, defendants

**MUNIR AHMAD CHAUDARY,**
**RHONDA R. BRIDGE,**
**RHONDA & SON'S INC.,**
and
**MAC & SONS LLC,**

knowing and in reckless disregard of the fact that an alien, Syed Naqvy, came to and

remained in the United States in violation of law, harbored such alien at the Clarion Hotel,

7000 W. 108th St., Overland Park, Kansas, in violation of Title 8, United States Code, Section

1324(a)(1)(A)(iii).

## COUNTS 7-10

## 18 U.S.C. §§ 1343 and 2

## (Wire Fraud)

20. Paragraphs 1-19 are incorporated by reference.

8

21.  On or about the dates listed below, within the District of Kansas and elsewhere,

defendants

**MUNIR AHMAD CHAUDARY,**
**RHONDA R. BRIDGE,**
**RHONDA & SON'S INC.,**
and
**MAC & SONS LLC**,

for the purposes of executing a scheme to defraud, knowingly caused to be transmitted by means of

wire communications in interstate commerce, writings, signs, and signals for the purposes of

executing the scheme, in which the defendants transmitted, via the Internet, false and fraudulent

wage and unemployment tax and employee information to the Kansas Department of Labor

and the Missouri Division of Employment Security, as follows:

| COUNT 7 | On or about Oct. 31, 2011 | Kansas Dept. Of Labor |
|---|---|---|
| COUNT 8 | On or about April 30, 2012 | Kansas Dept. Of Labor |
| COUNT 9 | On or about April 30, 2010 | Missouri Div. Of Employment Security |
| COUNT 10 | On or about April 30, 2012 | Missouri Div. Of Employment Security |

All in violation of Title 18, United States Code, §§ 1343 and 2.

## COUNT 11

### 18 U.S.C. § 1001(a)(2)

### (False Statement to an Agent of the United States Government)

22.  Paragraphs 1-21 are incorporated by reference.

9

23. On or about December 22, 2011, within the District of Kansas, defendant

**SYED NAQVY**

knowingly, willfully and intentionally made materially false and fraudulent statements and representations to an agent of the United States Department of Homeland Security in a matter within the jurisdiction of that federal agency, that is, administration and enforcement of federal immigration laws, in that he represented his full name to be "Ash Naqui" having a date of birth of either 03/20/1983 or 3/20/1985, and that he last entered the United States on a student visa, in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 12

## 8 U.S.C. § 1253(a)(1)(A)

## (Failure to Depart the United States as Ordered)

24. Paragraphs 1-23 are incorporated by reference.

25. On or about August 15, 2012, within the District of Kansas and elsewhere, defendant

**SYED NAQVY**

a citizen of Pakistan who is not a citizen or national of the United States, knowingly, intentionally and willfully failed and refused to depart from the United State within 90 days from the date of a final order of removal under administrative processes and appeal, in violation of Title 8, United States Code, Section 1253(a)(1)(A).

## CRIMINAL FORFEITURE COUNT

26.  The allegations in paragraphs 1-25 are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 8, United States Code, § 1324(b) and Title 18, United States Code, §§ 1343 and 2, and the procedures outlined in Title 21, United States Code, § 853.

27.  Upon conviction of any violation of Title 8, United States Code, § 1324(a), each defendant shall forfeit to the United States the gross proceeds of the such violation, and any property traceable to such proceeds, pursuant to Title 8, United States Code, § 1324(b).

28.  Upon conviction of any violation of Title 8, United States Code, § 1324(a), each defendant shall forfeit to the United States any property, real or personal, that constitutes, or is derived from, or is traceable, to the proceeds obtained directly or indirectly from the commission of such violation and is used to facilitate and is intended to be used to facilitate the commission of such violation pursuant to Title 18, United States Code, § 982(a)(6).

29.  The property subject to the forfeiture includes, but is not limited to, the following:

a.  REAL PROPERTY

(1) all that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements at the following locations:

a.  The hotel and other real property associated with 7020 W. 108th St., Overland Park, Kansas, the legal description of which is all of Tract "D," Metcalf "107," a subvision in the City of Overland Park, Johnson County, Kansas, as shown by the recorded plat thereof.

b.  The hotel and other real property associated with 11828 NW Plaza Circle, Kansas City, Mo., the legal description of which Lot 4, Gateway Plaza, Kansas City, Platte County, Mo., and Lot 3, Gateway Plaza First Plat, a subdivision of land in Section 23, Township 52, Range 34, Kansas City, Platte County, Mo., together with right of ingress and egress over and across mutual easement for the purpose of ingress and egress and for extending utilities, contained in Book 403, Page 18, over Lot 3 above.

b.  PROCEEDS CONTAINING IN THE FOLLOWING BANK ACCOUNTS:

(1) Checking account number 1183220, Community America Credit Union, in the names of Rhonda & Son's Inc., Munir A. Chaudary, and Rhonda Bridge.

(2) Checking account number 1250118, Community America Credit Union, in the names of Plaza Hotels Inc., d/b/a Clarion Hotel, Rhonda Bridge, Munir Chaudary.

(3) Checking account number   , Bank of America

c.  SUBSTITUTE ASSETS

If the property described above as being subject to forfeiture, as a result of any act or omission of any defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or desposited with a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

12

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, § 853(p), as incorporated by Title 18, United States Code, § 982(b), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

All pursuant to the provisions of Title 8, United States Code, § 1324(b); Title 18, United States Code, §§ 1343 and 2, and the procedures outlined in Title 21, United States Code, § 853(p).

**A TRUE BILL.**

09/06/2012
Date

_s/ Foreman_
Foreman of the Grand Jury

s/ Barry R. Grissom
BARRY R. GRISSOM
United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, KS 672020
barry.grissom@usdoj.gov
Ks. S. Ct. No. 10866

[It is requested that jury trial be held in Wichita, Kansas.]

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City, Kansas, Docket)

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | } |
| | } |
| Plaintiff, | } |
| | } |
| vs. | } Case No. 12-200____-01-05-_____ |
| | } |
| **MUNIR AHMAD CHAUDARY,** | } |
| **RHONDA R. BRIDGE,** | } |
| **RHONDA & SON'S INC.,** | } |
| **MAC & SONS LLC,** and | } |
| **SYED NAQVY,** | } |
| | } |
| Defendants. | } |

## PENALTIES

### Count 1 – 18 U.S.C. § 371, conspiracy to harbor illegal aliens:

- Not more than five years in prison
- Not more than a $250,000 fine
- Not more than three years of supervised release
- A $100 special crime victims fund assessment

### Counts 2-6 – 8 U.S.C. § 1324(a)(1)(A), harboring illegal aliens for commercial advantage and private financial gain:

- Not more than five years in prison
- Not more than a $250,000 fine
- Not more than three years of supervised release
- A $100 special crime victims fund assessment

### Counts 7-10 – 18 U.S.C. § 1343, wire fraud:

- Not more than 20 years in prison
- Not more than a $250,000 fine
- Not more than three years of supervised release
- A $100 special crime victims fund assessment

**Count 11 – 18 U.S.C. § 1001(a)(2), false statement to the government:**

- Not more than five years in prison
- Not more than a $250,000 fine
- Not more than three years of supervised release
- A $100 special crime victims fund assessment

**Count 12 – 8 U.S.C. § 1253(a)(1)(A), failure to depart the U.S. as ordered:**

- Not more than four years in prison
- Not more than a $250,000 fine
- Not more than three years of supervised release
- A $100 special crime victims fund assessment

**Allegation of Criminal Forfeiture**

- Forfeiture of property related to allegations of criminal conduct