IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City, Kansas, Docket)

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | } |
| | } |
| Plaintiff, | } |
| | } |
| vs. | } Case No. 12-20123-01-04,06-CM-JPO |
| | } |
| **MUNIR AHMAD CHAUDARY,** | } |
| **RHONDA R. BRIDGE,** | } |
| **RHONDA & SON'S INC.,** | } |
| **MAC & SONS LLC,** | } |
| **SYED NAQVY,** and | } |
| **JUDITH VANZANT**, | } |
| | } |
| Defendants. | } |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

1. On or about the dates specified herein, Defendants Munir Ahman Chaudary and

Rhonda R. Bridge, husband and wife, owned and operated a Clarion Hotel at 7000 W. 108th

St., Overland Park, Kansas, and a Clarion Hotel, at 11828 NW Plaza Circle, Kansas City,

Missouri.

2. Title in the Overland Park hotel was held by Rhonda & Son's Inc., a Kansas close

corporation of which defendant Chaudary was president and a director and defendant Bridge

was secretary and a director. Ownership of the Overland Park hotel was transferred to

Rhonda & Son's Inc. on about May 30, 2008.

3. Title in the Kansas City hotel was held by Mac & Sons LLC, a Missouri company owned by defendant Chaudary. Ownership of the Kansas City hotel was transferred to Mac & Sons LLC on about April 13, 2006. The Kansas City hotel was managed by defendant Judith Vanzant.

4. Defendants Chaudary and Bridge reside at the Overland Park hotel in two rooms on the second floor above the reception area.

5. In about December 2011, investigators from the U.S. Department of Homeland Security (DHS) and the Kansas Department of Revenue (KDOR) received information that the owners of the two hotels (which also have been operated during the times relevant to this Indictment as Wyndham Garden Hotel [Overland Park] and Radisson Hotel [Kansas City]) employed several foreign nationals who were not lawfully present in the United States, nor were those employees authorized to be employed in the United States.

6. The investigators subsequently interviewed several employees of the hotels and confirmed that many of the employees were (1) paid in cash or non-payroll check, usually by defendant Chaudary but sometimes by defendant Bridge; (2) not lawfully present in the U.S.; and (3) were not authorized to be employed in the U.S..

7. In about June 2012, an undercover agent sought and obtained employment at the Overland Park hotel, where the agent worked primarily in housekeeping. The agent told defendants Chaudary and Bridge when he was hired that he was unlawfully in the United States, was not authorized to work in the U.S., and had no documents to use for employment.

2

8. While working undercover, the agent obtained, among other things, information about the identities and immigration status of employees working at both hotels. The agent also identified a Pakistani national, defendant Naqvy, who lived in a room provided by defendants Chaudary and Bridge. Defendant Naqvy was found to be a person unlawfully present in the United States subject to an order and unexecuted warrant of removal/deportation. He was not authorized to work in the United States at the time of his employment by Chaudary and Bridge.

9. The undercover agent obtained evidence that defendants Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC paid employees whom they believed were lawfully present in the United States in some compliance with federal and state withholding and reporting requirements, while employees they believed were not lawfully present were paid a lower hourly rate in which withholding and reporting requirements were disregarded.

10. When the undercover agent inquired of defendant Chaudary about differences in the hotel employees' rates of pay, Chaudary told him that nothing was being withheld from wages to employees who were illegal, like the agent, so they were paid less, whereas monies were withheld from wages to "legal" employees.

11. A review of bank accounts maintained in Kansas by defendants Chaudary and Bridge for their hotels showed that wages paid to employees of both hotels starting in 2008 were paid out of those accounts.

## COUNT 1

3

## 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(I)

### (Conspiracy to Encourage Aliens to Reside in the United States for Commercial Advantage and Private Financial Gain Knowing or in Reckless Disregard of their Unlawful Status)

12. Paragraphs 1-11 are incorporated by reference.

13. Between about June 2008 and about August 2012, within the District of Kansas

and elsewhere, defendants

### MUNIR AHMAD CHAUDARY, RHONDA R. BRIDGE, RHONDA & SON'S INC., MAC & SONS LLC, JUDITH VANZANT,

and others both known and unknown to the grand jury, engaged in a conspiracy, for the

purpose of commercial advantage and private financial gain, to induce and encourage aliens

to reside in the United States, knowing and in reckless disregard of the fact that such

residence is in violation of law, in violation of Title 8, United States Code, Sections

1324(a)(1)(A)(iv) and (v)(I).

### PURPOSE AND OBJECT OF THE CONSPIRACY

14. The purpose and object of the conspiracy, and its manner and means, included as

follows:

a. The purpose and object of the conspiracy was to make money and create wealth

for defendants Chaudary and Bridge.

b. By entering into an agreement to employ persons not lawfully present in the U.S.,

**4**

defendants Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC, lowered their operating costs because the wages they paid to those workers was lower, they did not have to pay the employer's share of Social Security payments, they did not have to pay for workers compensation and unemployment insurance and other benefits paid to lawfully employed workers in the hotel industry, all of which resulted in a potential to increase the co-conspirators' business income and an increase in their business income.

c. By entering into an agreement to employ persons not lawfully present in the U.S., resulting in a potential to lower operating costs and lower operating costs, defendants Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC placed themselves at a competitive advantage to their competitors who did not employee persons unlawfully present, allowing the defendants to charge lower room rates and to operate at higher occupancy rates, the result also being an increase in profits.

d. By entering into an agreement to be employed, though not lawfully present in the United States, those co-conspirators so employed obtained money so they could maintain their unlawful presence and live in the United States, and they increased, over time, the likelihood they could obtain the lawful permanent resident status they desired.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

15. In furtherance of the conspiracy, and to effect the objects thereof, one or more of the co-conspirators committed and caused to be committed at least one of the following acts, among others, within the District of Kansas and elsewhere:

5

a. Starting in about 2008, and continuing to about September 2012, aliens not lawfully present in the United States nor authorized to work in the United States were employed to work at the hotels even though one or more of the co-conspirators knew or recklessly disregarded the fact the aliens were unlawfully in the U.S..

b. Starting in about 2008, and continuing to about September 2012, aliens not lawfully present in the United States nor authorized to work in the United States were paid in cash or by non-payroll checks.

c. Starting in about 2008, and continuing to about September 2012, co-conspirators paid aliens by payroll check knowing and in reckless disregard of the fact that those aliens had provided false documents to defendants Chaudary and Bridge to make it appear that the aliens were lawfully present and authorized to be employed.

d. In about September 2011, defendant Chaudary told one of the employees to tell him which of the Overland Park hotel housekeepers were illegally in the United States; the employee told defendant Chaudary all of the housekeepers were illegally in the United States.

e. In about June 2012, defendants Chaudary and Bridge hired a person who represented himself to be unlawfully present, having no authority to work nor any documents that would make it appear he was authorized to work.

f. Beginning in about 2008, co-conspirators Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC maintained bank accounts they used to make payments to employees they knew and recklessly disregarded were unlawfully present in the United States.

6

g. In 2011, defendant Chaudary picked up defendant Naqvy at Kansas City International Airport, Kansas City, Mo., knowing Naqvy was unlawfully present in the United States. Chaudary provided a room to Naqvy at the Overland Park, Kan., Clarion and paid him $1,000 per month in exchange for Naqvy's work as a front desk clerk.

h. In 2011 and 2012, co-conspirators Chaudary, Bridge, Rhonda & Son's Inc. and Mac & Sons LLC filed, via the Internet, false and fraudulent Quarterly Wage Reports and Unemployment Tax Returns with the Kansas Department of Labor in which they undereported the number of employees working at the Overland Park hotel, the amount of total wages paid, and the amount of unemployment taxes due.

i. In 2011 and 2012, co-conspirators Chaudary, Bridge, Rhonda & Son's Inc., Mac & Sons LLC and Vanzant filed false and fraudulent Quarterly Contribution and Wage Report with the Missouri Division of Employment Security in which they knowingly provided false and fraudulent information related to individual employees.

## COUNTS 2-11

## 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II)

### (Encouraging or Inducing Aliens to Reside in the United States for Commercial Advantage and Private Financial Gain Knowing or in Reckless Disregard of their Unlawful Status)

16. Paragraphs 1-15, including are incorporated by reference.

17. In about June 2012, within the District of Kansas and elsewhere, defendants

### MUNIR AHMAD CHAUDARY, RHONDA R. BRIDGE,

7

**RHONDA & SON'S INC.,**
and
**MAC & SONS LLC**,

intentionally encouraged an alien, for the purpose of commercial advantage and private

financial gain, to reside in the United States, knowing and in reckless disregard of the fact

that such residence is in violation of law, as follows:

| COUNT 2 | Alien's initials: MB |
|---------|----------------------|
| COUNT 3 | Alien's initials: YV |
| COUNT 4 | Alien's initials: JH |
| COUNT 5 | Alien's initials: RA |
| COUNT 6 | Alien's initials: AM |
| COUNT 7 | Alien's initials: AC |
| COUNT 8 | Alien's initials: MC |
| COUNT 9 | Alien's initials: MD |
| COUNT 10 | Alien's initials: RR |
| COUNT 11 | Alien's initials: SG |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II).

## COUNT 12

### 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(I)

**(Conspiracy to Harbor and Shield from Detection Aliens
for Commercial Advantage and Private Financial Gain
Knowing or in Reckless Disregard of their Unlawful Status)**

18. Paragraphs 1-17 are incorporated by reference.

19. Between about June 2008 and about August 2012, within the District of Kansas

**8**

and elsewhere, defendants

**MUNIR AHMAD CHAUDARY,
RHONDA R. BRIDGE,
RHONDA & SON'S INC.,
MAC & SONS LLC,
JUDITH VANZANT,**

and others both known and unknown to the grand jury, engaged in a conspiracy, for the

purpose of commercial advantage and private financial gain, to harbor and shield from

detection, in any place including a building, an alien, knowing and in reckless disregard of

the fact that the alien has come to and remains in the United States in violation of law, in

violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (v)(I).

## COUNTS 13-22

### 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(II)

**(Harboring and Shielding from Detection Aliens
for Commercial Advantage and Private Financial Gain
Knowing or in Reckless Disregard of their Unlawful Status)**

20. Paragraphs 1-19, including are incorporated by reference.

21. In about June 2012, within the District of Kansas and elsewhere, defendants

**MUNIR AHMAD CHAUDARY,
RHONDA R. BRIDGE,
RHONDA & SON'S INC.,**
and
**MAC & SONS LLC,**

intentionally harbored and shielded from detection, in any place including a building, an

alien, knowing and in reckless disregard of the fact that the alien had come to and remained

in the United States in violation of law, as follows:

| COUNT 13 | Alien's initials: MB |
|----------|----------------------|
| COUNT 14 | Alien's initials: YV |
| COUNT 15 | Alien's initials: JH |
| COUNT 16 | Alien's initials: RA |
| COUNT 17 | Alien's initials: AM |
| COUNT 18 | Alien's initials: AC |
| COUNT 19 | Alien's initials: MC |
| COUNT 20 | Alien's initials: MD |
| COUNT 21 | Alien's initials: RR |
| COUNT 22 | Alien's initials: SG |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II).

## COUNT 23

### 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(II)

### (Harboring an Alien
### Who is Unlawfully in the United States
### For Commercial Advantage or Private Financial Gain)

22. Paragraphs 1-21 are incorporated by reference.

23. In about June 2012, within the District of Kansas and elsewhere, defendants

**MUNIR AHMAD CHAUDARY,**
**RHONDA R. BRIDGE,**
**RHONDA & SON'S INC.,**
and
**MAC & SONS LLC**,

knowing and in reckless disregard of the fact that an alien, Syed Naqvy, came to and

10

remained in the United States in violation of law, harbored such alien at the Clarion Hotel,

7000 W. 108th St., Overland Park, Kansas, in violation of Title 8, United States Code, Section

1324(a)(1)(A)(iii).

## COUNT 24

### 18 U.S.C. §§ 1343 and 2
### (Wire Fraud)

24. Paragraphs 1-23 are incorporated by reference.

25. On or about October 31, 2011, within the District of Kansas and elsewhere,

defendants

### MUNIR AHMAD CHAUDARY,
### RHONDA R. BRIDGE,
### RHONDA & SON'S INC.,
### and
### MAC & SONS LLC,

having devised a scheme to defraud, knowingly and intentionally caused to be transmitted by means

of wire communications in interstate commerce, writings, signs, and signals for the purposes of

executing the scheme, in which the defendants transmitted, via the Internet, false and fraudulent

wage and unemployment tax and employee information to the Kansas Department of Labor,

in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 25

### 18 U.S.C. §§ 1343 and 2
### (Wire Fraud)

26. Paragraphs 1-25 are incorporated by reference.

27. On or about April 30, 2012, within the District of Kansas and elsewhere,

11

defendants

**MUNIR AHMAD CHAUDARY,**
**RHONDA R. BRIDGE,**
**RHONDA & SON'S INC.,**
and
**MAC & SONS LLC**,

having devised a scheme to defraud, knowingly and intentionally caused to be transmitted

by means of wire communications in interstate commerce, writings, signs, and signals for the

purposes of executing the scheme, in which the defendants transmitted, via the Internet, false

and fraudulent wage and unemployment tax and employee information to the Kansas

Department of Labor, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 26

### 18 U.S.C. §§ 1341 and 2
### (Mail Fraud)

24. Paragraphs 1-23 are incorporated by reference.

25. On or about April 30, 2010, within the District of Kansas and elsewhere,

defendants

**MUNIR AHMAD CHAUDARY,**
**RHONDA R. BRIDGE,**
**RHONDA & SON'S INC.,**
and
**MAC & SONS LLC**,

having devised a scheme and artifice to defraud, knowingly and intentionally caused to be

delivered by U.S. Mail, for the purposes of executing the scheme, false and fraudulent wage

and unemployment tax and employee information to the Missouri Division of Employment

**12**

Security, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 27

### 18 U.S.C. §§ 1341 and 2
### (Mail Fraud)

26. Paragraphs 1-25 are incorporated by reference.

27. On or about April 30, 2012, within the District of Kansas and elsewhere, defendants

### MUNIR AHMAD CHAUDARY,
### RHONDA R. BRIDGE,
### RHONDA & SON'S INC.,
and
### MAC & SONS LLC,

having devised a scheme and artifice to defraud, knowingly and intentionally caused to be delivered by U.S. Mail, for the purposes of executing the scheme, false and fraudulent wage and unemployment tax and employee information to the Missouri Division of Employment Security, in violation of Title 18, United States Code, Sections 1341 and 2.

## CRIMINAL FORFEITURE COUNT

28. The allegations in paragraphs 1-27 are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 8, United States Code, § 1324(b) and Title 18, United States Code, §§ 1343 and 2, and the procedures outlined in Title 21, United States Code, § 853.

29. Upon conviction of any violation of Title 8, United States Code, § 1324(a), each

13

Case 2:12-cr-20123-CM   Document 71   Filed 03/06/13   Page 14 of 19

defendant shall forfeit to the United States the gross proceeds of the such violation, and any property traceable to such proceeds, pursuant to Title 8, United States Code, § 1324(b).

30. Upon conviction of any violation of Title 8, United States Code, § 1324(a), each defendant shall forfeit to the United States any property, real or personal, that constitutes, or is derived from, or is traceable, to the proceeds obtained directly or indirectly from the commission of such violation and is used to facilitate and is intended to be used to facilitate the commission of such violation pursuant to Title 18, United States Code, § 982(a)(6).

31. The property subject to the forfeiture includes, but is not limited to, the following:

a. REAL PROPERTY

(1) all that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements at the following locations:

a. The hotel and other real property associated with 7020 W. 108th St., Overland Park, Kansas, the legal description of which is all of Tract "D," Metcalf "107," a subdivision in the City of Overland Park, Johnson County, Kansas, as shown by the recorded plat thereof.

b. The hotel and other real property associated with 11828 NW Plaza Circle, Kansas City, Mo., the legal description of which Lot 4, Gateway Plaza, Kansas City, Platte County, Mo., and Lot 3, Gateway Plaza First Plat, a subdivision of land in Section 23, Township 52, Range 34, Kansas City, Platte County, Mo., together with right of ingress and egress over and across mutual

**14**

easement for the purpose of ingress and egress and for extending utilities, contained in Book 403, Page 18, over Lot 3 above.

b. PROCEEDS CONTAINED IN THE FOLLOWING BANK ACCOUNTS:

(1) Checking account number xxx3220, Community America Credit Union, in the names of Rhonda & Son's Inc., Munir A. Chaudary, and Rhonda Bridge.

(2) Checking account number xxx0118, Community America Credit Union, in the names of Plaza Hotels Inc., d/b/a Clarion Hotel, Rhonda Bridge, Munir Chaudary.

(3) Checking account number xxxxxxxx8615, Bank of America, in the names of Plaza Hotels Inc., DBA Clarion, Munir Chaudary, Rhonda R. Bridge.

(4) Checking account number xxxxxx1373, Bank of America, in the names of Mac & Sons LLC, Munir Chaudary, Rhonda R. Bridge.

(5) Checking account number xxxxxxxx9546, US Bank, in the names of Mac & Sons Inc., Munir A. Chaudary.

c. SUBSTITUTE ASSETS

If the property described above as being subject to forfeiture, as a result of any act or omission of any defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the Court;

**15**

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, § 853(p), as incorporated by Title 18, United States Code, § 982(b), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

All pursuant to the provisions of Title 8, United States Code, § 1324(b); Title 18, United States Code, §§ 1343 and 2, and the procedures outlined in Title 21, United States Code, § 853(p).

**A TRUE BILL.**

03/06/2013
Date

s/ Foreman
Foreman of the Grand Jury

s/ Barry R. Grissom
BARRY R. GRISSOM
United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, KS 672020
barry.grissom@usdoj.gov
Ks. S. Ct. No. 10866

[It is requested that jury trial be held in Kansas City, Kansas.]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City, Kansas, Docket)

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | } |
| | } |
| Plaintiff, | } |
| | } |
| vs. | }   Case No. 12-20123-01-06-CM-JPO |
| | } |
| **MUNIR AHMAD CHAUDARY,** | } |
| **RHONDA R. BRIDGE,** | } |
| **RHONDA & SON'S INC.,** | } |
| **MAC & SONS LLC,** | } |
| **SYED NAQVY,** and | } |
| **JUDITH VANZANT,** | } |
| | } |
| Defendants. | } |

## PENALTIES OF
## SUPERSEDING INDICTMENT

<u>**Count 1**</u> **– 8 U.S.C. §1324(a)(1)(A)(iv) and (v)(I); 8 U.S.C. §1324(a)(1)(B)(i), Conspiracy to encourage or induce aliens to reside in U.S. for commercial advantage or private financial gain knowing or in reckless disregard of their unlawful status:**

- Not more than ten years in prison;
- Not more than three years of supervised release;
- Not more than a $250,000 fine for individuals and
  Not more than a $500,000 fine for organizations; and
- $100 special crime victims fund assessment for individuals and
  $400 special crime victims fund assessment for organizations.

<u>**Counts 2-11**</u> **– 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II); 8 U.S.C. §1324(a)(1)(B)(i), Encouraging or inducing aliens to reside in the U.S. for commercial advantage and private financial gain knowing or in reckless disregard of their unlawful status:**

- Not more than ten years in prison;

- Not more than three years of supervised release;
- Not more than a $250,000 fine for individuals and
  Not more than a $500,000 fine for organizations; and
- $100 special crime victims fund assessment for individuals and
  $400 special crime victims fund assessment for organizations.

**Count 12 – 8 U.S.C. §1324(a)(1)(A)(iii) and (v)(I); 8 U.S.C. §1324(a)(1)(B)(i), Conspiracy to harbor or shield from detection aliens for commercial advantage or private financial gain knowing or in reckless disregard of their unlawful status:**

- Not more than ten years in prison;
- Not more than three years of supervised release;
- Not more than a $250,000 fine for individuals and
  Not more than a $500,000 fine for organizations; and
- $100 special crime victims fund assessment for individuals and
  $400 special crime victims fund assessment for organizations.

**Count 13-23 – 8 U.S.C. §1324(a)(1)(A)(iii) and (v)(II); 8 U.S.C. §1324(a)(1)(B)(i), Harboring or shielding from detection aliens for commercial advantage or private financial gain knowing or in reckless disregard of their unlawful status:**

- Not more than ten years in prison;
- Not more than three years of supervised release;
- Not more than a $250,000 fine for individuals and
  Not more than a $500,000 fine for organizations; and
- $100 special crime victims fund assessment for individuals and
  $400 special crime victims fund assessment for organizations.

**Counts 24, 25 – 18 U.S.C. §§ 1343 and 2, wire fraud:**

- Not more than twenty years in prison;
- Not more than three years of supervised release;
- Not more than a $250,000 fine for individuals and
  Not more than a $500,000 fine for organizations; and
- $100 special crime victims fund assessment for individuals and
  $400 special crime victims fund assessment for organizations.

**Counts 26, 27 – 18 U.S.C. §§ 1341 and 2, mail fraud:**

- Not more than twenty years in prison;
- Not more than three years of supervised release;
- Not more than a $250,000 fine for individuals and Not more than a $500,000 fine for organizations; and
- $100 special crime victims fund assessment for individuals and $400 special crime victims fund assessment for organizations.

## Allegation of Criminal Forfeiture

• Forfeiture of property related to allegations of criminal conduct

3